IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:22-cr-228-ECM |
| | ) | (WO) |
| MARENZO MARQUIS ROBERTS | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the Court is the United States' motion for review of the Magistrate Judge's order of release of the Defendant (doc. 15) filed on September 27, 2022. The Court has undertaken an independent and *de novo* review of the Magistrate Judge's ruling on detention and release and concludes that the government has met its burden to demonstrate by clear and convincing evidence that the defendant is a danger to the community.  *See United States v. King*, 849 F.2d 485 (11th Cir. 1988).   Because the government met its burden under the Bail Reform Act, the government's appeal is due to be granted, and the Defendant will be ordered detained pending further proceedings.

## PROCEDURAL HISTORY

On July 12, 2022, a three–count indictment was returned against Marenzo Marquis Roberts ("Roberts") charging him with knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1),   two counts of using a communication facility, a cellular telephone, to commit or facilitate a felony under the Controlled Substance Act in violation of 21 U.S.C. § 843(b), and possession of a controlled substance in violation of 21 U.S.C. § 844(a). (Doc. 1).   The offenses are alleged to have occurred on or about March 16, 2021. (*Id.*).

On September 15, 2022, the Defendant was arrested and made his first appearance in this Court.   At that time, the government moved for Roberts' detention alleging that he was a flight risk and a danger to the safety of any person or the community. (Doc. 4).

On September 21, 2022, the United States Magistrate Judge held a detention hearing pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142.   At the conclusion of the detention hearing, the Magistrate Judge determined that the Defendant had rebutted the presumption that there were no condition or combination of conditions that would reasonably ensure his appearance and the safety of the community. The judge further determined that the government had "not proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community nor by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (Doc. 17 at 65). The Magistrate Judge orally found:

> [T]here is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there's probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
> After considering the evidence that's been presented to the Court as well as the argument, I find that the defendant has presented evidence sufficient to rebut the presumption, which means that the presumption remains as an evidentiary finding to be considered and weighed with all the other factors under 3142.
> So after considering the factors set forth in Title 18 United States Code Section 3142(g) and the information presented at this hearing, the Court concludes that the Government has not proven by clear and convincing evidence that no condition or

combination of conditions of release will reasonably assure the safety of any other person and the community nor by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

I'm going to release you on bond, Mr. Roberts, with location monitoring.   And all of that needs to be prepared, and I will do that today.   We're going to take a recess and get the documents together, but let me be clear.   This was a very tough decision because of your criminal history of drug trafficking and the evidence supporting the fact that it appears you continue to engage in drug trafficking, but I am not going to take the position of locking up drug traffickers pending trial when there's no evidence of violence or gun possession or substantial risk of flight, which is what the statute says, not just the mere risk of flight.   But I have to look at all of the factors involved in this case and you and your conduct, behavior, the charges, the length of time that you are facing — everything.

And when I look at all of those factors, to me, the factors are more in your favor of release and giving you a second chance and not detaining you pending trial.

(Doc. 17 at 64–66).

Roberts was ordered released on home detention and electronic monitoring. (Doc. 13).

Prior to his release, on September 27, 2022, the government appealed the Magistrate Judge's

release Order (doc. 15) and filed a motion to stay Roberts' release (doc. 16), which the Court

granted. (Doc. 18).

## DISCUSSION

The Bail Reform Act of 1984 provides that if, after a hearing, "the judicial officer finds

that no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of any other person and the community, such judicial officer

shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).   While the Bail

Reform Act provides a mechanism for detaining a defendant in certain limited circumstances, the Act was enacted to prevent needless pretrial detention by defendants, and the presumption is release absent a demonstration that the defendant is likely to flee or is a danger to the community.

In cases involving "an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act," there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person." *See* 18 U.S.C. § 3142(e)(3)(A).   Based on the indictment, there is probable cause to believe the Defendant has committed offenses in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 843(b), and 21 U.S.C. § 844(a).   Thus, it is undisputed that the rebuttable presumption is applicable in this case. *See* 18 U.S.C. § 3142(e)(3)(A).   If the Defendant rebuts the presumption, it "remains in as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relevant to factors listed in section 3142(g)." *King*, 849 F.2d at 488 (alteration in original) (internal quotations omitted).

At the detention hearing and on appeal, the United States argues that the Defendant should be detained because he is a flight risk and a danger to others and the community.   It is the government's burden to prove "by a preponderance of the evidence that [Defendant] posed a risk of flight, and . . . by clear and convincing evidence that [he] posed a risk of danger to the community." *United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990). "[A] finding of either danger to the community *or* risk of flight will be sufficient to detain the defendant pending trial."   *King*, 849 F.2d at 488 (emphasis in original).

A. *Flight Risk*

The burden of persuading the Court that the Defendant is a flight risk rests with the government. *United States v. Hurtado*, 779 F.2d 1467, 1478 (11th Cir. 1985). After a detention hearing, the Magistrate Judge determined that the Defendant had rebutted the presumption that he was a flight risk, and that the government had not established "by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (Doc. 77 at 65). This Court conducted an independent and *de novo* review of the Magistrate Judge's determination, and agrees with the finding that the government failed to meet its burden of demonstrating that Roberts is a serious risk of flight.

The United States asserts that Roberts is a flight risk because he is facing a substantial sentence if convicted, he attempted to flee when he was arrested, and he has failed to follow court-imposed conditions in the past. In its appeal, the government presented the Court with no new evidence that would alter the finding that Roberts does not present a serious risk of flight. It is undisputed that the defendant has significant ties to the community, and is a lifelong resident of Headland, Alabama. The government presented no evidence that the Defendant has absconded while on bond for other state court charges. Accordingly, under the specific facts of this case, the Court concludes that the Defendant has rebutted the presumption that he is serious risk of flight and the government failed to establish by a preponderance of the evidence that he is a serious risk of flight. The government's appeal on the issue of the Defendant's risk of flight is denied.

5

B. *Danger to others or the community*

The Court now turns to the issue of the Defendant's danger to others or to the community.   The Court concludes that the government has presented clear and convincing evidence that Roberts is a danger to the community.

At the detention hearing, the government presented evidence that Roberts has a lengthy criminal history.   In 2005, he was convicted of unlawful possession of drug paraphernalia. In 2006, he was arrested for unlawful distribution of controlled substances and was granted pretrial diversion in 2010.   Roberts was on probation when he was arrested in 2006.

In 2011, while in pretrial diversion for the 2006 offense, Roberts was arrested for unlawful possession of cocaine and/or alprazolam.   In 2012, Roberts entered a guilty plea and received probation.   In 2014, his probation was revoked, and he was sentenced to community corrections.

In 2012, Roberts was also arrested for possession of marijuana for other than personal use and was sentenced to probation.   In 2014, Roberts consented to revocation of his probation and placed in the community corrections program.

Roberts successfully completed the Community Corrections Work Release Program.

In 2019, Roberts was indicted for unlawful possession of cocaine, oxycodone, tramadol, clonazepam, amphetamine, lisdexamfetamine, alprazolam, marijuana for personal use, and unlawfully sold or possessed more than 28 but less than 500 grams of synthetic marijuana.   While on bond and awaiting trial on these charges, Roberts was arrested and indicted for unlawful possession with intent to distribute 28 grams of methamphetamine,

unlawful possession of cocaine, lorazepam, hydrocodone, and marijuana for other than personal use.

In 2021, while on bond for the pending 2019 charges, Roberts was arrested and charged with trafficking in methamphetamine, and possession of cocaine, Xanax, hydrocodone and marijuana for personal use.

Roberts was arrested on the pending charges in this Court on September 15, 2022 while on bond for the 2019 charges.

Although Roberts does not appear to have a history of violence or gun possession, the Court concludes that he presents a danger to the community due to his continued criminal activity.

> The term 'dangerousness,' as used in the Bail Reform Act of 1984, has a much broader construction than might commonly be understood in everyday parlance. . . .
>> [T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends than the concern about safety be given a broader construction that merely danger of harm involving physical violence. . . . The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community.

*King*, 849 F.2d at 487, n.2.

In his arguments regarding the issue of dangerousness to the community, Roberts ignores the fact that each time he has been arrested, he was on bond, probation or pretrial diversion for prior criminal charges. His continued criminal activity constitutes a danger to

the community, and home detention will not prevent the Defendant from continuing to engage in criminal conduct, particularly considering his history and the nature of the facts alleged. *See United States v. Salter*, 2022 WL 301845, *3 (M.D. Ala. Feb. 1, 2022) (pattern of engaging in criminal activity while on bond "strongly supports a finding that [the Defendant] poses a danger to his community based on the threat that he would continue to commit the charged offenses if released pending trial."); *United States v. Barge*, 2013 WL 6009548, *5, n.3 (M.D. Ala. Nov. 13, 2013) ("While electronic monitoring or a third-party custodian may reasonably reduce the risk of flight, they cannot prevent [the Defendant] from re-engaging in criminal activity and therefore cannot reasonably assure the safety of the community.").

The fact that Roberts has not been charged with any crimes of violence or possession of firearms does not mitigate the danger Roberts presents by his pattern of continued involvement in drug trafficking, which constitutes a danger to others and the community.

> "The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather 'refers to the danger that the defendant might engage in criminal activity to the detriment of the community.' " *United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)); *United States v. Abdullahu*, 488 F. Supp. 2d 433, 438-39 (D. N.J. 2007) (noting that "danger to the community does not only include physical harm or violent behavior"); *United States v. Gotti*, 219 F. Supp. 2d 296, 298 (E.D.N.Y. 2002) ("Danger to the community is not limited to violent crimes; it includes crimes that would harm the community."). For example, "the harm to society caused by narcotic trafficking is encompassed within Congress' definition of 'danger.' " *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *see United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (stating that the "risk of continued narcotics trafficking on bail constitutes a risk to the community"); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (noting that "drug

trafficking is a serious offense that, in itself, poses a danger to the community"). The probability that a released defendant will continue to engage in narcotics trafficking constitutes a risk to the community. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992); *United States v. Majors*, 932 F. Supp. 853, 857 (E.D. Tex. 1996) ("The very nature of drug offenses themselves constitutes a non-physical danger to the community.").

*United States v. Ingram*, 415 F. Supp. 3d 1072, 1077–78 (N.D. Fla. 2019).[1]

The government presented evidence that Roberts was receiving large quantities of narcotics shipped to his residence which is adjacent to a middle school. When law enforcement officers realized that the Defendant's address was adjacent to a middle school, they determined that the location was unsafe to conduct an arrest. They intercepted the package and notified Roberts that he could pick up the package at the post office. After Roberts got the package from the post office, police officers approached him and identified themselves as law enforcement. Roberts dropped the package and fled, but within seconds was apprehended. During his arrest, officers located marijuana, cocaine, and pills in his vehicle, and the package contained approximately 1,287 grams of 96% pure methamphetamine.

When evaluating whether there are conditions of release that would "reasonably assure . . . the safety of any other person or the community," the Court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense … involves ... a controlled substance;
>
> (2) the weight of the evidence against the person;

---

[1] The Court recognizes that *Ingram*, *supra*., is not binding authority but finds its reasoning persuasive.

(3) the history and characteristics of the person," including–

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and

    (B) whether, at the time of the current offense or arrest, the person was on … release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In evaluating the factors, the Court finds that no condition or combination of conditions would reasonably assure the safety of the community.   Specifically, the Defendant is charged with possession with intent to distribute 50 grams or more of methamphetamine.   He was arrested in possession of approximately 2.83 pounds of methamphetamine which had been shipped to his residence, which is adjacent to a middle school.

In addition, the weight of the evidence against Roberts counsels against release.[2]   The packet containing the methamphetamine was addressed to Roberts' residence.   Law enforcement officers presented evidence that Roberts was tracking the package through the

---

[2] Relying on *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010), the Defendant argues the Court should consider "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." (Doc. 19 at 3).   First, the statute does not qualify the weight of the evidence in this manner.   The statute requires the Court to consider "[t]he weight of the evidence against the person." 18 U.S.C. § 3142(g).   More importantly, however, regardless of whether the Court considers the weight of dangerousness or evidence against Roberts, the Court concludes that the government has met its burden of demonstrating by clear and convincing evidence that Roberts is a danger to the community.

United States Postal Service, and when contacted, Roberts went to the post office to pick up the package.    Roberts was arrested shortly after retrieving the package from the postal service.

Roberts' criminal history and characteristics also militate against release.    Roberts has a lengthy criminal history involving controlled substances.    Although Roberts has completed prior criminal sentences, each time Roberts has been arrested, he has been on bond, probation, or pretrial diversion for other charges.    The pretrial services report indicates that Roberts admitted to using marijuana the day before his interview, and that he has been a daily user of marijuana since the age of 23.[3]

Finally, as already discussed, Roberts' pattern of involvement in drug trafficking, coupled with the evidence presented regarding conduct at the residence where he seeks to be released, constitutes a serious danger to the community.

The Court concludes that these factors, when coupled with the presumption, demonstrate by clear and convincing evidence, that no condition or combination of conditions can reasonably assure the safety of the community, and thus, Roberts will be ordered detained pending further proceedings.

**CONCLUSION**

Accordingly, for the reasons as stated, it is

ORDERED that the government's appeal (doc. 15) is GRANTED, and the Defendant is committed to the custody of the Attorney General or his designated representative for

---

[3] At the time of his interview, Roberts was 42 years old.

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this the 19th day of October, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE